(No. 4685—)

BEULAH IOLA GRUBER REILLY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 20, 1956.*

BEULAH IOLA GRUBER REILLY, Claimant, pro se.

LATHAM CASTLE, Attorney General; BERNARD GENIS, Assistant Attorney General, for Respondent.

309

WHAM, J.

This cause comes before us upon the petition of claimant, appearing pro se, and upon the motion of respondent to dismiss the petition.

Claimant, a member of the Armed Forces of the United States during World War II, claims that she is entitled to the payment of a bonus under the Illinois World War II Bonus Law. Her petition alleges that her claim for bonus was previously filed in the year of 1946, and denied by the Service Recognition Board on the ground that claimant made no proof of her voting record. In November of 1954 she obtained a statement, signed by a Precinct Committeeman, named E. J. Conroy of Springfield, Illinois, setting forth the fact that she voted in all elections from 1937 to and including 1943. This statement is attached to her petition.

Claimant relies upon Par. 65, Chap. 126½, Ill. Rev. Stats., (1955 State Bar Association Edition), as granting jurisdiction to this Court to determine the claim. This sub-paragraph reads as follows:

"Any person who had a claim, which would have been compensable by the Service Recognition Board except that during the period for filing claims such person was ineligible by reason of a dishonorable discharge from service, who prior to July 1, 1953, has or shall have such discharge reviewed and has obtained or shall obtain an honorable discharge, and any person who had an amended or supplemental claim pending before the Service Recognition Board on May 20, 1953 but had not by that date submitted sufficient evidence upon which the Service Recognition Board could pay the amended or supplemental claim shall be entitled to have such claim considered by the Court of Claims and to have an award on the same basis as if his claim had been fully considered by the Service Recognition Board."

It is apparent from the petition that claimant was honorably discharged from the United States Navy in

November of 1945. It does not appear from the petition that claimant had an amended or supplemental claim pending before the Service Recognition Board on May 20, 1953. In the absence of an allegation to that effect, we assume that she did not have such amended or supplemental claim pending.

We must, therefore, conclude that this Court has no jurisdiction over the matter set forth in the petition, since neither of the two conditions to the statute's applicability are present.

Respondent's motion to dismiss the petition is well taken in this regard, and should be allowed. The petition is, therefore, dismissed.